IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **AMENDED ORDER GRANTING** |
| | ) | **MOTION FOR RELEASE FROM** |
| v. | ) | **CUSTODY** |
| | ) | |
| Frank Rashad Nelson, | ) | |
| | ) | Case No.: 1:25-cr-246 |
| Defendant. | ) | |

On December 29, 2025, Defendant filed a *Motion for Release from Custody*. (Doc. No. 98). Therein, Defendant advised he has been accepted into treatment at Prairie Recovery Center in Raleigh, North Dakota, and requests release to reside there for treatment.

The court is inclined to **GRANT** Defendant's motion. (Doc. No. 98). Defendant shall be released no earlier than 1:00 PM on January 5, 2026, to a representative of Prairie Recovery Center for immediate transport to Prairie Recovery Center in Raleigh, North Dakota. Defendant's release shall be subject to the following conditions:

1) Defendant must not violate federal, state, tribal, or local law while on release.

2) Defendant must appear in court as required and must surrender to serve any sentence imposed.

3) Defendant shall report to the Pretrial Services Officer at such times and in such manner as designated by the Officer.

4) Except upon prior approval from the Pretrial Services Officer, Defendant's travel is restricted to North Dakota.

5) Defendant shall refrain from: any use of alcohol; any use or possession of a narcotic drug and other controlled substances defined in 21 U.S.C. § 802 or state statute, unless

prescribed by a licensed medical practitioner; any use of medical marijuana; and any use of inhalants. Defendant shall submit to drug/alcohol screening or participate in a remote alcohol testing program using continuous electronic alcohol testing at the direction of the Pretrial Services Officer to verify compliance. Failure or refusal to submit to testing or tampering with the collection process or specimen may be considered the same as a positive test result.

6) Defendant shall not possess a firearm, destructive device, or other dangerous weapon.
7) Defendant shall not knowingly or intentionally have any direct or indirect contact with witness(es), co-defendant(s), except that counsel for defendant, or counsel's agent or authorized representative, may have such contact with such person(s) as is necessary in the furtherance of the defendant's legal defense.
8) Defendant shall undergo a substance abuse and/or mental health evaluation if required by the Pretrial Services Officer and comply with resulting counseling or treatment recommendations.
9) Defendant shall reside at Prairie Recovery Center and shall participate in the center's programs and abide by its rules and regulations.
10) Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from Prairie Recovery Center OR to communicate with facility staff about defendant's progress in the program.

Any passes allowed by Prairie Recovery Center must be approved by the Pretrial Services Officer.

If for any reason defendant is terminated from Prairie Recovery Center, the defendant must immediately surrender to the custody of the United States Marshal.

    At least 96 hours prior to anticipated completion of the treatment program, defendant must advise the Pretrial Services Officer of the defendant's anticipated completion date so the Court may schedule a hearing to review the defendant's release status.

    If Defendant successfully completes the treatment program, the Pretrial Services Officer may approve Defendant's transition to an appropriate sober living home.

    Defendant must sign all release forms to allow the Pretrial Services Officer to obtain information from the sober living home OR to communicate with the sober living home about the Defendant's progress there.

    Any overnight passes from the sober living home must be approved by the Pretrial Services Officer.

    While residing at the sober living home, Defendant must seek and maintain employment. Employment must be approved by the Pretrial Services Officer.

    If for any reason Defendant is terminated from the sober living home, the Defendant must immediately surrender to the custody of the United States Marshal.

    At least 96 hours prior to anticipated transition from a sober living home to another residence, Defendant must advise the Pretrial Services Officer of the anticipated transition date so that the Court can review Defendant's release status.

11) Defendant shall submit the defendant's person, residence, vehicle, and/or possessions to a search conducted by the Pretrial Services Officer at the request of the Pretrial Services Officer. Failure to submit to a search may be grounds for revocation of pretrial release. Defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition. The Pretrial Services Officer may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition

of release and that the areas to be searched contain evidence oft this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

12) Defendant shall maintain or actively seek employment. Employment must be approved by the Pretrial Services Officer.

13) Defendant shall surrender any passport and other foreign travel document(s) to the United States Probation and Pretrial Services Office.

14) Defendant shall not obtain a passport and other foreign travel document(s).

15) Defendant must report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

If Defendant is unable to be transported as anticipated on December 31, 2025, Defendant shall remain in custody pending further order of the court.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2026.

>  */s/ Clare R. Hochhalter*
>  Clare R. Hochhalter, Magistrate Judge
>  United States District Court